(84 Misc. Rep. 54)
### TENEMENT HOUSE DEPARTMENT OF CITY OF NEW YORK v. WHITNEY et al.

(Supreme Court, Appellate Term, First Department.  February 13, 1914.)

DISORDERLY HOUSE (§ 10*)—PENALTIES—LESSEES—LIABILITY.

Tenement House Law (Consol. Laws, c. 61) § 109, as amended by Laws 1913, c. 598, provides that no tenement house or any part thereof shall be used for the purpose of prostitution, and section 124 provides that the owner of any tenement house, or of any building upon the same lot with a tenement house, where any violation of the law or nuisance exists, shall be subject to a civil penalty. *Held*, that a lessee of a tenement which was used for the purpose of prostitution without his knowledge is not liable under the last section; the statute not applying to him.

[Ed. Note.—For other cases, see Disorderly House, Cent. Dig. § 35; Dec. Dig. § 10.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Tenement House Department of the City of New York against William Whitney and others, individually and as executors and trustees, to recover a penalty. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Archibald R. Watson, Corp. Counsel, of New York City (John F. O'Brien and F. E. V. Dunn, both of New York City, of counsel), for appellant.

Joseph A. Whitehorn, of Brooklyn, for respondents.

BIJUR, J.  This action was brought to recover a penalty of $50 from the lessee of a tenement house for a violation of the following provision of the Tenement House Law (as amended by Laws 1913, c. 598):

"Sec. 109.  * * *  No tenement house or any part thereof or the lot or premises thereof shall be used for the purpose of prostitution or assignation of any description."

The liability of this respondent was predicated upon section 124, which is as follows:

"Sec. 124.  * * *  The owner of any tenement house or part thereof, or of any building or structure upon the same lot with a tenement house, or of the said lot, where any violation of this chapter or a nuisance exists, and any person who shall violate or assist in violating any provision of this chapter, or any notice or order of the department charged with its enforcement, shall also jointly and severally for each such violation and each such nuisance be subject to a civil penalty of fifty dollars.  * * * *"

The learned court below held that, as defendant-respondent was a lessee and not an owner, he could not be held liable under the first clause of the section, and in this conclusion I concur.  It does not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

seem to be seriously contended by the appellant that this lessee either "violated or assisted in violating" section 109. The proof is conclusive that neither he nor the janitor, whom he employed to take charge of the premises, had knowledge or intimation that the premises were or would be so used until after the violation had been accidentally discovered by the police.

The intention of the Legislature must be gathered from the statute in the form in which it is found. It forbids the use of a tenement house for the purpose of prostitution. It impliedly creates another offense, namely, permitting such use of a tenement house, and designates the person to be held responsible for permitting such use, namely, the owner. It would, no doubt, have been quite competent for the Legislature to have included a lessee in the class upon which is placed the duty of seeing to it that the premises are not permitted to be used for a purpose forbidden by the act, but the omission to so include him is significant.

Although the corporation counsel urged upon the learned court below the desirability of passing upon the question whether an owner might be held liable where the premises were used in violation of the act without his knowledge, that point is in no wise presented by the case at bar. Consequently, we express no opinion thereon.

Judgment affirmed, with costs.

PAGE, J., concurs.

LEHMAN, J. (concurring). The plaintiff herein has brought an action against the lessee of a tenement house for the recovery of a penalty under section 124 of the Tenement House Law, which provides:

"* * * The owner of any tenement house or any part thereof, or of any building or structure upon the same lot with a tenement house, or of the said lot, where any violation of this chapter or a nuisance exists, and any person who shall violate or assist in violating any provision of this chapter, or any notice or order of the department charged with its enforcement, shall also jointly and severally for each such violation and each such nuisance be subject to a civil penalty of fifty dollars."

The violation for which the penalty is claimed is the use of an apartment in the tenement house for purposes of prostitution or assignation, contrary to the provisions of section 109 of the Tenement House Law as amended by chapter 598 of the Laws of 1913, which added to that section the words:

"No tenement house or any part thereof * * * shall be used for the purpose of prostitution or assignation of any description."

It is conceded that the defendant Neugass is the lessee of a tenement house, and that one Dora Haber occupied two rooms in that house for ten days, and that on July 4, 1913, Dora Haber was arrested, charged with committing an act of prostitution in the said apartment, and was sentenced by a magistrate for that offense. It is not disputed that the

said Dora Haber did use the rooms for purposes of prostitution. The defendant showed as his defense that the rooms were rented to Dora Haber by his janitor in accordance with the authority he had given the janitor; that he had personal knowledge of the lease; and that as soon as he heard of the arrest of Dora Haber he had her dispossessed; and that she was dispossessed long before he received notice from the Tenement House Department of the violation of the Tenement House Act.

The learned trial justice thereupon dismissed the complaint on the ground that the act contemplated a penalty against a lessee only where the use of the tenement house for purposes of prostitution was with his knowledge and consent.

The facts being undisputed, the only question involved is the proper construction of this statute. The corporation counsel urges in effect that the Legislature has power to regulate tenement houses; that a statute imposing a penalty for the doing of any act which the Legislature has power to forbid is constitutional; and that proof of absence of intent to violate the statute constitutes no defense to an action for the penalty provided.

There can, of course, be no doubt that the Legislature has power to regulate the use of tenement houses, and to prohibit their use as places of prostitution. I think that there is also no doubt but that a statute imposing a penalty for such use upon any person guilty of a violation of the prohibition without regard to his intent or knowledge would be constitutional. In People v. Kibler, 106 N. Y. 321, 12 N. E. 795, the court held that, in a prosecution for selling adulterated milk, criminal knowledge or intent forms no element of the offense, and that all that is required to establish the offense is to show a sale of milk falling below the standard fixed by the act and coming within its definition of adulterated milk. In that case the court said:

"Ingenuity keeps pace with greed, and the careless and heedless consumers are exposed to increasing perils. To redress such evils is a plain duty but a difficult task. Experience has taught the lesson that repressive measures which depend for their efficiency upon proof of the dealer's knowledge and of his intent to deceive and defraud are of little use and rarely accomplish their purpose. Such an emergency may justify legislation which throws upon the seller the entire responsibility of the purity and soundness of what he sells and compels him to know and to be certain."

It would be useless to cite other cases on this subject, but it seems to me that they clearly establish the rule that, where the Legislature has power to prohibit the commission of or to command any act, it may also establish a penalty for failure to obey its prohibition or command. In all these cases, however, where the intent with which the act is committed is held to be immaterial, the penalty is directed against the person in whose power it is to control the commission of the acts.

Whether the act is performed by the defendant in person or through his agent and innocently or knowingly is immaterial, where the act itself is prohibited, in pursuance of the legislative power to pass laws for the public welfare, and the penalty is provided as a means of securing the result sought by the Legislature.

I have failed, however, to find any statute where the Legislature has sought to impose upon any person a penalty for an act not controlled or performed by him, either personally or through an agent; yet, if we construe the statute in the manner claimed by the plaintiff, we must hold that the statute imposes a penalty upon a lessee of a tenement house for an act of a subtenant committed without his privity or knowledge or control. Such a construction is to my mind clearly unreasonable, and regardless of any question of unconstitutionality should not be given to the statute. The Legislature has provided in my opinion that the owner or any person who shall violate or assist in violating any provision of the statute shall be liable for a penalty for such violation, but the violation referred to must be the result of a prohibited act, which the person to be held liable has performed or assisted, or which he had power to control.

In this case the violation is the use of the premises for purposes of prostitution. Such use was by a tenant who was in no sense in the defendant's employ, or even under his control, except that the defendant could and did remove the tenant promptly by dispossess proceedings, after the wrong was committed. He therefore did not himself or through an agent violate or assist in violating the statute, and is liable for no penalty.

Judgment should be affirmed, with costs.